UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

**ANDREA SARMIENTO**
and other similarly situated individuals,

    Plaintiff(s),

v.

**MATER ACADEMY, INC.**, a Florida Profit Corporation,
**ROBERTO BLANCH**, individually,
**CESAR C. CROUSILLAT**, individually,
**SHANNIE SADESKY**, individually,
**ANTONIO ROCA**, individually,
**JAVIER JEREZ**, individually,
**MAURENE SOTERO**, individually,
**ACADEMICA CORPORATION**, a Florida Profit Corporation,
**COLLETTE D. PAPA**, individually,
**MAGDALENA FRESEN**, individually, and
**FERNANDO J. ZULUETA**, individually.

    Defendant(s).
_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, ANDREA SARMIENTO ("Named Plaintiff"), and other similarly-situated individuals, by and through the undersigned counsel, hereby sue Corporate Defendants, MATER ACADEMY, INC. and ACADEMICA CORPORATION ("Corporate Defendants"), and Individual Defendants, ROBERTO BLANCH, CESAR C. CROUSILLAT, SHANNIE SADESKY, ANTONIO ROCA, JAVIER JEREZ, MAURENE SOTERO, COLLETTE D. PAPA, MAGDALENA FRESEN, and FERNANDO J. ZULUETA ("Individual Defendants"), and in support aver as follows:

## GENERAL ALLEGATIONS

1. Named Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and those similarly situated proper overtime and/or minimum wage compensation in violation of the FLSA.

2. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

3. The Court has original subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216, and pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States.

4. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. Named Plaintiff is an adult individual who has at all times relevant herein resided in this judicial district.

6. At all times relevant herein, Named Plaintiff worked for Defendants as a Registrar at a school owned and/or operated by Defendants located in Miami, Florida.

7. Defendant, MATER ACADEMY, INC., operates approximately eighteen (18) schools in the state of Florida which are substantially similar to the facility at which Named Plaintiff

worked. Upon information and belief, there exist at least one to two Registrars at each location who may have been subject to the Defendants' unlawful pay practices and policies.

8. Defendant, ACADEMICA CORPORATION, is one of the nation's longest-serving and most successful charter school service and support organizations whose services include facilities, finance, staffing and human resource coordination, as well as bookkeeping, budgeting, regulatory compliance, and financial forecasting. Defendant, ACADEMICA CORPORATION, operates and/or services more than one hundred (100) schools in Florida, Utah, California, Nevada, Texas, and Washington, D.C. which are substantially similar to the facility at which Named Plaintiff worked. Upon information and belief, there exist at least one to two Registrars at each location who may have been subject to the Defendants' unlawful pay practices and policies.

9. Defendants, ROBERTO BLANCH, CESAR C. CROUSILLAT, SHANNIE SADESKY, ANTONIO ROCA, JAVIER JEREZ, and MAURENE SOTERO, are individuals who directly or indirectly, directed, aided, abetted, and/or assisted Defendant, MATER ACADEMY, INC., with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failure to pay Named Plaintiff and Collective Plaintiffs proper compensation pursuant to the FLSA and/or applicable state wage laws, or who had control over processing payroll regarding Named Plaintiff and Plaintiffs.

10. Defendants, COLLETTE D. PAPA, MAGDALENA FRESEN, and FERNANDO J. ZULUETA, are individuals who directly or indirectly, directed, aided, abetted, and/or assisted Defendant, ACADEMICA CORPORATION, with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failure to pay Named Plaintiff and

Collective Plaintiffs proper compensation pursuant to the FLSA and/or applicable state wage laws, or who had control over processing payroll regarding Named Plaintiff and Plaintiffs.

11. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of Registrars and other similar non-exempt employees presently and formerly employed by Defendants subject to Defendants' unlawful pay practices and policies and who worked for Defendants at any point in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "Collective Plaintiffs").

13. Named Plaintiff and Collective Plaintiffs work and/or worked for Defendants in the United States within the last three years.

14. Named Plaintiff and Collective Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as discussed herein.

15. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for minimum wage and overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

16. There are numerous similarly situated current and former employees of Defendants whom Defendants required to work off-the-clock without receiving proper minimum wage and

overtime compensation, and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

17. Similarly situated current and former employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

18. Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

19. Named Plaintiff worked for Defendants as a Registrar from in or about June 2014 through in or about August 2015.

20. Named Plaintiff and Collective Plaintiffs are current and/or former employees of Defendants who within the applicable statute of limitations have been or are presently employed by Defendants as Registrars and/or similarly situated positions.

21. Throughout their employment with Defendants, Named Plaintiff and Collective Plaintiffs worked in excess of forty (40) hours per week without being paid at the proper overtime rate for hours worked in excess of forty (40) per week. Additionally, Named Plaintiff and Collective Plaintiffs worked numerous hours for which they received no compensation whatsoever.

22. Specifically, Named Plaintiff and Collective Plaintiffs were responsible for the daily coordination of arranging substitute teachers to work for regular teachers who would be absent from their classes or otherwise needed coverage.

23. To perform these duties, Named Plaintiff and Collective Plaintiffs were required to be on call every evening. Defendant published the name and phone number of each Registrar in

employment documentation provided to every teacher and staff member. If a teacher was going to be absent, they were required to call the designated Registrar to advise of the anticipated absence at or before 7:00 A.M. on the day of the absence.

24. After taking a call from the teacher who was going to be absent, the Registrar was required to notate the absence and contact a substitute teacher to cover for the absentee. Once a substitute was arranged, the Registrar was then required to notify the school's Principal and Assistant Principal. The whole process took about twenty (20) minutes for each teacher who called in. Named Plaintiff, for example, was required to handle an average of forty-three (43) calls per month.

25. Despite that Defendants' established policies and procedures required Named Plaintiff and Collective Plaintiffs to do this work on a nightly basis, no provision was made to compensation them for all hours worked, which regularly exceeded forty (40) in a given work week.

26. At all times relevant herein, Defendants had or should have had full knowledge of all hours worked by Named Plaintiff and Collective Plaintiffs, including those hours worked in excess of forty (40) in a given work week.

27. Upon information and belief, Defendants have maintained the unlawful wage-payment system described above for the three prior to commencement of this action, and they have enforced such unlawful policies nationwide at all of their schools throughout the United States.

## COUNT I
### *Wage & Hour Federal Statutory Violation Against the Corporate Defendants*

28. Named Plaintiff and Collective Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 27 of this complaint as if set out in full herein.

29. This action is brought by Named Plaintiff, Collective Plaintiffs, and other similarly-situated individuals to recover from the Corporate Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

30. At all times relevant herein, the Corporate Defendants operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise has two or more employees regularly handling goods and/or materials that have moved in interstate commerce.

31. Upon information and belief, at all times material hereto, the Corporate Defendants' annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendants named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that the Corporate Defendants operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the Individual Defendants, and for common business purposes related to the work performed by Plaintiff for Defendants.

32. By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

33. Named Plaintiff and Collective Plaintiffs seek to recover for unpaid wages accumulated from their respective date of hire and/or from three (3) years from the commencement of this action and/or their date of individual joinder.

34. At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Named Plaintiff and Collective Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek.

35. The Corporate Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing these unpaid wages. As such, Named Plaintiff and Collective Plaintiffs are entitled to recover liquidated damages.

**WHEREFORE**, Named Plaintiff and Collective Plaintiffs respectfully pray for the following relief against Defendant:

- A. Adjudge and decree that the Corporate Defendants have violated the FLSA and have done so willfully, intentionally and with reckless disregard;

- B. Award Named Plaintiff and Collective Plaintiffs actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation, with interest;

- C. Award Named Plaintiff and Collective Plaintiffs liquidated damages;

- D. Award Named Plaintiff and Collective Plaintiffs the costs of this action, together with reasonable attorney fees; and

- E. Grant Named Plaintiff and Collective Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Wage & Hour Federal Statutory Violation Against the Individual Defendants*

36. Named Plaintiff and Collective Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 27 of this complaint as if set out in full herein.

37. At the times relevant herein, the Individual Defendants, Individual Defendants, ROBERTO BLANCH, CESAR C. CROUSILLAT, SHANNIE SADESKY, ANTONIO ROCA, JAVIER JEREZ, and MAURENE SOTERO, were, and are now, corporate officers of Defendant, MATER ACADEMY, INC.

38. At the times relevant herein, the Individual Defendants, Individual Defendants, COLLETTE D. PAPA, MAGDALENA FRESEN, and FERNANDO J. ZULUETA, were, and are now, corporate officers of Defendant, ACADEMICA CORPORATION.

39. The Individual Defendants were employers of Named Plaintiff and Collective Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of the Corporate Defendants in relation to employees, including Named Plaintiff and Collective Plaintiffs.

40. The Individual Defendants possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages. The Individual Defendants had operational control of the business and is thus jointly liable for Plaintiffs' damages.

41. The Individual Defendants willfully and intentionally refused to properly pay wages as required by the law of the United States as set forth above and remain owing these wages.

**WHEREFORE**, Named Plaintiff and Collective Plaintiffs respectfully pray for the following relief against the Individual Defendants:

A. Adjudge and decree that the Individual Defendants have violated the FLSA and have done so willfully, intentionally and with reckless disregard;

B. Award Named Plaintiff and Collective Plaintiffs actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation, with interest;

C. Award Named Plaintiff and Collective Plaintiffs liquidated damages;

D. Award Named Plaintiff and Collective Plaintiffs the costs of this action, together with reasonable attorney fees; and

E. Grant Named Plaintiff and Collective Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Named Plaintiff and Collective Plaintiffs demand trial by jury of all issues triable as of right by jury.

Dated 2\11\16

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
agp@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005